IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUSTIN TILLMAN,       )<br>    Plaintiff,           )<br>                       )<br>v.                     )<br>                       )<br>SGT. BARTLEY, *et al.*,)<br>    Defendants.        )<br>                       ) | Civil Action No. 7:22-cv-00190<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Justin Tillman, a Virginia prisoner proceeding *pro se*, has filed a civil rights complaint alleging a violation of his due process rights based on a deprivation of his property. The case is before the court for review pursuant to 28 U.S.C. § 1915A(b)(1). For the reasons set forth below, the court concludes that Tillman has failed to state a claim for which relief can be granted, and his federal claims must be summarily dismissed. The court will decline to exercise jurisdiction over any state-law claims.

I.  BACKGROUND

Tillman alleges that he was deprived of his personal property without due process of law, in violation of his Fourteenth Amendment rights. His complaint names three defendants: Sergeant Bartley and Correctional Officers C. Mullins and J. Jones.

Tillman alleges that he was taken to segregation on November 30, 2021, and the three defendants completed a property inventory sheet on that date. (Compl. 3, Dkt. No. 1.) The property listed on that sheet included a "JP5 media tablet," a list of consumable food items, a radio, and a T.V. listed as "working." (*Id.*) When Tillman returned to a general population cell, his property was delivered to him, but these items were missing. As a result, he refused to sign the form saying his property had been returned to him.

Tillman filed grievances concerning the matter, and he has attached those grievances and

the inventory sheet as exhibits to his complaint. His television was later brought to him (on December 4, 2021), but it was now broken and not working. He believes the damages sustained to his property renders "the state liable." (Compl. 4.).

For relief, he seeks a "declaratory [judgment] for property lost and denied without proper due process under the law." (*Id.*) He also asks for $800 for the value of the lost property, $5,000 in punitive damages against each of the three defendants, and the "full cost" of his filing fee. (*Id.* at 5.)

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (citation and internal quotation marks omitted). Tillman's complaint fails to state a § 1983 claim.

Allegations that prison officials deprived an inmate of his property, whether intentionally

or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Because Tillman possessed tort remedies under Virginia state law, see Virginia Code § 8.01–195.3, it is clear that he cannot prevail in a constitutional claim for the alleged property loss in this case.[1] Because Tillman's complaint fails to state a federal constitutional claim, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### III. CONCLUSION

For the foregoing reasons, the court will summarily dismiss Tillman's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. To the extent the complaint can be construed as asserting any state-law claims, the court declines to exercise jurisdiction over those claims, 28 U.S.C. § 1367(c)(3), and they will be dismissed without prejudice.

An appropriate order will be entered.

Entered: May 2, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[1] Tillman is not claiming that his property was destroyed pursuant to a prison policy, so the court does not address the slightly different analysis for a deprivation pursuant to policy, which can sometimes require pre-deprivation procedures. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981); *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (explaining that a violation occurs only if the procedural protections in the policy are inadequate to ensure that deprivations are lawful).